CALABRIA, Judge.
Where a review of the whole record reveals that the trial court did not err in its award of attorney's fees, we affirm.
I. Factual and Procedural Background
Charles Jones ("petitioner") was terminated from his position as a State Highway Patrol Trooper on 9 September 2007. Petitioner filed a contested case petition with the Office of Administrative Hearings ("OAH"), and after a hearing on his petition, an administrative law judge ("ALJ") held that petitioner's employer, the North Carolina Department of Public Safety ("DPS") did not have just cause to terminate. The ALJ ordered that petitioner be reinstated, and ordered the payment of back pay and attorney's fees. The State Personnel Commission ("the SPC"), which is now the Office of State Human Resources, affirmed the decision on 16 October 2008, and ordered that petitioner be reinstated. DPS appealed the SPC's decision to the Superior Court of Wake County, which affirmed the SPC's ruling. DPS appealed that decision to this Court, and we affirmed the superior court in an unpublished opinion, Beatty v. Jones , 218 N.C. App. 454, 721 S.E.2d 765 (2012).
On 14 September 2015, petitioner's attorney, Jack O'Hale ("O'Hale") filed a petition with the SPC to recover attorney's fees. O'Hale included a letter indicating his hourly rate. A hearing was conducted on the petition, during which DPS stipulated to the number of hours O'Hale worked on the case, but challenged his hourly rate. DPS instead argued that the matter was an ordinary personnel case, and thus that the ordinary market rate, which was lower than the one charged by O'Hale, should have applied. On 15 July 2015, the SPC entered its order, holding that the matter was an ordinary personnel case, applying what it found to be a reasonable market rate of $175 per hour, and awarding attorney's fees accordingly.
Petitioner appealed the SPC's 15 July 2015 order to the Superior Court of Johnston County, challenging the hourly rate. On 17 January 2016, the trial court entered its order, concluding that the SPC erred in holding that this matter was an ordinary personnel case. The trial court thus ordered that petitioner be awarded the higher rate of $300 per hour.
DPS appeals.
II. Standard of Review
The decision of the Commission assessing or refusing to assess reasonable witness fees or a reasonable attorney's fee as provided in G.S. 126-4(11) is a final agency decision appealable under Article 4 of Chapter 150B of the General Statutes. The reviewing court may reverse or modify the decision of the Commission if the decision is unreasonable or the award is inadequate. The reviewing court shall award court costs and a reasonable attorney's fee for representation in connection with the appeal to an employee who obtains a reversal or modification of the Commission's decision in an appeal under this section.
N.C. Gen. Stat. § 126-41 (2012).[2]
"In cases appealed from administrative tribunals, we review questions of law de novo and questions of fact under the whole record test." Diaz v. Div. of Soc. Servs. , 360 N.C. 384, 386, 628 S.E.2d 1, 2 (2006). "Under the 'whole record' test, a reviewing court must consider all competent evidence, including that which fairly detracts from the Commission's findings, conclusions, or ultimate decision, to determine whether the decision has a rational basis in the evidence." N.C. Dep't of Correction v. McNeely , 135 N.C. App. 587, 590-91, 521 S.E.2d 730, 732 (1999).
"[I]n cases appealed from an administrative tribunal under [Article 3 of North Carolina's Administrative Procedure Act], it is well settled that the trial court's erroneous application of the standard of review does not automatically necessitate remand, provided the appellate court can reasonably determine from the record whether the petitioner's asserted grounds for challenging the agency's final decision warrant reversal or modification of that decision under the applicable provisions of N.C.G.S. § 150B-51(b)." N.C. Dep't of Env't & Natural Res. v. Carroll , 358 N.C. 649, 665, 599 S.E.2d 888, 898 (2004).
III. Attorney's Fees
In its sole argument on appeal, DPS contends that the trial court applied the incorrect standard of review, and thus that its award of attorney's fees was erroneous. We disagree.
DPS correctly contends that reasonable attorney's fees are a factual determination, which the trial court should have reviewed pursuant to the whole record test, rather than de novo review. DPS argues, however, that the trial court's determination that the SPC "committed an error of law when it determined that this was an ordinary personnel case" illustrates that the trial court erroneously applied de novo review, rather than whole record review.
Even assuming arguendo that the trial court erroneously applied an improper standard of review, however, this does not automatically necessitate remand. Carroll , 358 N.C. at 665, 599 S.E.2d at 898. The question for this Court is whether we "can reasonably determine from the record whether the petitioner's asserted grounds for challenging the agency's final decision warrant reversal or modification of that decision under the applicable provisions of N.C.G.S. § 150B-51(b)." Id .
In the instant case, the record before the trial court included O'Hale's affidavit of his personal involvement in, and hours spent on, the case. The record shows that he represented petitioner not only in proceedings before the SPC, but also on appeal. O'Hale also testified before the trial court in detail regarding the hours he worked on the case beginning in 2007, and his own experience.
DPS contends that the trial court erroneously considered affidavits which were not presented to the SPC. Despite DPS' contentions that these affidavits should not have been presented to the trial court, however, this Court has previously held that a superior court, reviewing an appeal from an administrative agency, may admit evidence, despite the fact that the evidence had not been presented to the administrative tribunal, where it is relevant to the matter at hand. N.C. State Bd. ofEduc. v. North Carolina Learns, Inc. , 231 N.C. App. 270, 285, 751 S.E.2d 625, 635 (2013) (holding that the admission of "subsequent additional evidence is within the language of N.C.G.S. § 150B-47" where said evidence "was relevant to the matter at hand, despite not being admitted into evidence during the administrative hearing"); see also N.C. Gen. Stat. § 150B-47 (2015) (stating that "[t]he court may require or permit subsequent corrections or additions to the record when deemed desirable").
Further, DPS was afforded the opportunity to object to these affidavits, and specifically declined to do so. "In order to preserve an issue for appellate review, a party must have presented to the trial court a timely request, objection, or motion[.]" N.C.R. App. P. 10(a)(1). DPS' failure to preserve this issue via timely objection waives it for appellate review.
Given the fact that the trial court was permitted to consider new evidence that was relevant to the matter at hand, despite not being presented to the administrative tribunal, and given that DPS failed to object to the admission of evidence, we hold that the trial court properly considered O'Hale's affidavits.
In contrast, the SPC's decision suffers notable flaws. In its order, the SPC relied upon several cases to conclude that the matter was an "ordinary personnel case" in which an hourly fee of no more than $175 was permissible. However, a conclusion based solely on three previous examples of what the SPC approved is not an evaluation of the fair market value of O'Hale's work in the instant case. Moreover, petitioner cites numerous cases in which a reasonable fee was found to be more than $175. The SPC also found that O'Hale "presented no evidence ... that would justify a higher rate." However, in the hearing before the trial court, DPS conceded that O'Hale explained to the SPC precisely what he explained to the trial court on appeal concerning his reasons for requesting the higher rate. Further, petitioner's petition for judicial review alleged that O'Hale laid out his rationale before the SPC regarding his experience and work, and the justification for a higher hourly fee.
On review of the whole record, we hold that the SPC's determination that $175 was a reasonable hourly rate, and that petitioner presented no evidence to justify a higher rate, was not supported by substantial evidence. By contrast, we hold that the trial court's determination, based upon the evidence before it, that O'Hale was entitled to a higher hourly rate, was supported by substantial evidence. We therefore affirm the decision of the trial court.
AFFIRMED.
Report per Rule 30(e).
Judges INMAN and ZACHARY concur.

This statute was repealed in 2013. Sess. Law 2013-382, s. 6.1. However, this repeal was applicable to all grievances filed on or after its effective date, 21 August 2013. As such, this statute remains effective for the grievance in the instant case, which preceded the effective date of repeal.